JAMES A. ROGERS v. MERICA E. HEATH ADM'X ET AL.

*Attorneys—Liability for services to estates—Joint contractors.*

Minor heirs cannot become jointly liable with the administrator in an action of *assumpsit* for services rendered the estate by an attorney.

Persons do not become jointly liable as joint parties or contractors merely from having received benefits from the services of another.

Case made from Kent. Submitted June 14. Decided June 21.

ASSUMPSIT. Defendants had judgment below. Affirmed.

*James A. Rogers,* in person, for plaintiff.

*Taggart & Wolcott* for defendants. A demand cannot be sued against one joint defendant as executor and another as personally liable: *Mace v. Page* 33 Mich. 38; *Lee v. Bolles* 20 Mich. 46; *Ives v. O'Brien* 33 Mich. 175; *Thompson v. Richards* 14 Mich. 172: Burr. Pr. 24; 1 Chit. Pl. 204, 244–246.

CAMPBELL, J. Plaintiff sues for a balance due him for services in the litigation connected with the controversy of *Heath v. Waters* 40 Mich. 457, formerly disposed of in this court. The defendants are the former administratrix of Elijah Waters, and two of his children and legatees. The court below found that Mr. Rogers had a meritorious claim, but that he could not recover in this action.

In this the ruling was correct. This is a suit at law, and can only be made out by a joint obligation. The fact that several parties may have received benefit directly or indirectly from his services does not put them on a footing of joint parties or contractors. We find nothing to indicate a joint obligation or liability. The suit must be brought against some one who has expressly or impliedly become bound to pay plaintiff for his services. The children clearly, as minors, could not have incurred any obligation of that kind on which a suit in *assumpsit* would lie; neither could they possibly have become joint debtors with the administratrix.

While it is plain enough that Mr. Rogers should be paid, this action cannot be sustained to enforce payment.

The judgment must be affirmed with costs.

The other Justices concurred.